UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IBEW LOCAL UNION 82, *et al.*, | Case No. 3:11-cv-208 |
| Plaintiffs, | Judge Timothy S. Black |
| vs. | |
| UNION LIGHTNING PROTECTION, | |
| Defendant. | |

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 11) WITHOUT PREJUDICE TO REFILING WITHIN 90 DAYS**

This civil case is before the Court on Plaintiffs' Motion for Default Judgment. (Doc. 11). Plaintiffs filed their Complaint against Defendant Union Lightning Protection ("ULP") on June 16, 2011. (Doc. 2). ULP was served on July 18, 2011, but failed to answer on or before August 8, 2011. (Doc. 6). Therefore, ULP is in default.

Plaintiffs applied for an entry of default on August 15, 2011. (Doc. 7). The clerk docketed an Entry of Default on August 16, 2011. (Doc. 8). Plaintiffs then filed a Motion for Default Judgment on August 24, 2011. (Doc. 11). ULP has not responded to the Motion for Default and the time for doing so has expired. The Motion is now ripe for decision by the Court.

## I. FACTS

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 1145, *et seq.* ("LMRA"). (Doc. 2). Plaintiffs IBEW Local

Union 82, Pension Fund ("Pension Fund") and IBEW Local Union 82, Health Fund ("Health Fund") are Trust Funds created pursuant to the LMRA, are administered pursuant to the terms of a Trust Agreement, and are a multi-employer benefit plans and employee welfare benefit plans as defined in ERISA. (*Id.*)

IBEW Local Union 82 ("Union") is a labor organization as defined by the LMRA and an employee organization as defined by ERISA. (*Id.*) The Union represents employees for collective bargaining in an industry affecting commerce. (*Id.*) Defendant ULP employs and has employed persons represented by the Union and is a party to a collective bargaining agreement ("CBA") with the Union. (*Id.*) ULP is an employer as defined by the LMRA and is engaged in interstate commerce as defined in ERISA. (*Id.*)

Pursuant to the CBA, ULP was required to make payments to the Pension Fund and Health Fund for each covered employee, deduct union dues from the pay of each covered employee, remit those dues to the Union each month, and make payments to a number of accounts collected by or through Plaintiffs. (*Id.*) Plaintiffs contend that ULP failed to make the required payments and/or contributions beginning in October 2010 through the present, and seek to recover the amounts owed, plus interest, liquidated damages, attorney fees and costs. (*Id.*)

## II. STANDARD OF REVIEW AND ANALYSIS

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), "the complaint's factual allegations regarding

liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-0298 MCE DAD, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir.1983) (further citations omitted)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713 at *5 (E.D. Mich. Jun. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010) (citations omitted).

Here, Plaintiffs seek a total of $35,666.97 in damages, an amount that includes a delinquent principal amount of $29,524.66, liquidated damages in the amount of $2,952.47, interest in the amount of $2,343.78 up to August 22, 2011, costs in the amount of $482.06 and attorney fees in the amount of $364.00. The only evidence submitted evidencing any of these purported damages is an affidavit of counsel attesting to the amount of attorney fees and filing costs. Interestingly, however, the numbers represented in the affidavit with regard to costs and attorney fees differ from the numbers represented in the motion and Plaintiffs' proposed order. Accordingly, absent any affidavits or other proof of damages, Plaintiffs fail to properly evidence damages.

Further, Plaintiffs state that the $35,666.97 figures does not represent the full extent of damages owed by Defendant and that further documentary evidence is required from defaulting Defendant (*i.e.*, payroll reports from March 2011 to present) to ascertain the full extent of damages. (Doc. 11). In this regard, "Plaintiffs request an order requiring that Defendant be required, at Defendant's expense, to provide access to its records within ten (10) days so that an audit can be completed and that Defendant be ordered to pay . . . the sum total of all contributions determined by audit to be due and owing, interest, liquidated damages, attorney's fees and costs." (*Id.*) In other words, in addition to a judgment awarding $35,666.97, Plaintiffs intend to request more damages at some future point following an audit of Defendant's records.

With regard to Plaintiffs' specific request for damages in the amount of $35,666.97, the Court concludes that Plaintiff has failed to properly evidence these damages as required by the Civil Rules. Accordingly, the Court **DENIES** Plaintiffs' Motion for Default Judgment to that extent without prejudice to a future motion properly supported by evidence.

Further, insofar as Plaintiffs seek an Order directing Defendants to provide certain records, the Court concludes that such request is premature. Plaintiffs have failed to show that they have sought any discovery from ULP pursuant to the Civil Rules. *See Blazek v. Capital Recovery Associates, Inc.*, 222 F.R.D. 360, 360-62 (E.D. Wisc. 2004) (concluding that a defaulting defendant is subject to discovery pursuant to the rules regarding discovery from non-parties); *see also* Fed. R. Civ. P. 34(c) (stating that "[a]s

provided in Rule 45, a nonparty maybe compelled to produce documents and tangible things or to permit an inspection"); Fed. R. Civ. P. 45. Accordingly, Plaintiffs' request in this regard is also **DENIED** as premature.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Default (Doc. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff shall re-file the Motion for Default within 90 days from the date of this Order. Failure to re-file the Motion for Default within the time set forth in this Order, or as extended upon good cause shown, may result in the dismissal of this case for failure to prosecute.

**IT IS SO ORDERED**.

Date: 10/31/11

Timothy S. Black
United States District Judge