UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IBEW LOCAL UNION 82, *et al.*,          Case No. 3:11-cv-208

   Plaintiff,          Judge Timothy S. Black

vs.

UNION LIGHTING PROTECTION,

   Defendant.

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR
JUDGMENT BY DEFAULT (Doc. 15)**

This civil action is before the Court on Plaintiffs' renewed motion for judgment by default against Defendant Union Lighting Protection. Defendant did not respond.

### I.    PROCEDURAL HISTORY [1]

Plaintiffs filed their Complaint on June 16, 2011. (Doc. 2). Defendant was served on July 18, 2011, but failed to answer on or before August 8, 2011. (Doc. 6). Therefore, Defendant is in default. On August 24, 2011, Plaintiffs filed a motion for judgment by default against Defendant. (Doc. 11). This Court denied Plaintiffs' motion without prejudice, subject to refilling within 90 days upon submission of additional evidence. Plaintiffs filed the instant motion with supporting evidence, as requested.

### II.    STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's

---

[1] Background facts from Doc. 13 are incorporated herein.

application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09cv298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07cv990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III.  ANALYSIS

Plaintiffs are multi-employer benefit plans which administer the money paid into them by various employers including Defendant, pursuant to the Labor Agreement. These funds operate pursuant to the terms of their Trust Agreements. Defendant, as a party to the Labor Agreement, agreed to abide by the terms of the Trust Agreements.

Pursuant to the Trust Agreement Collection Policy, if an employer fails to timely make any of the required contributions, the employer will be assessed a late fee of one hundred dollars, plus liquidated damages equal to two percent of the total amount due. (Doc. 15, Ex. D at ¶ 7). If the delinquency remains unpaid by the last day of the month

following the month in which the monies were due, the employer is obligated to pay simple interest at the rate of one percent per month from the first day of the month following the month in which the contributions were due and the liquidated damages assessed will increase from two percent of the unpaid contributions to ten percent of the unpaid contributions. (Doc. 15, Ex. C at ¶ 7; Ex. D at ¶ 8). In addition to the interest and liquidated damages, the Collection Policies provide that if legal proceedings are commenced against an employer to collect delinquent contributions, the Funds are also entitled to recover attorneys' fees and court costs incurred by the Funds. (Doc. 15, Ex. C at ¶ 8; Ex. D at ¶ 9).

    **A.**    **Unpaid Contributions from October 2010 through February 2011**

Defendant has failed to make contributions to the Health Fund for all hours worked by certain employees for the months of October 2010 through February 2011. (Doc. 15, Ex. C at ¶ 9). As a result of its failure to make the required contributions, Defendant owes the amount of $17,240.741. (*Id.*)

Defendant has also failed to make contributions to the Pension Plan for all hours worked by certain employees for the months of October 2010 through February 2011. (Doc. 15, Ex. D at ¶ 14). As a result of its failure to make the required contributions to the Pension Plan, Defendant owes the additional amount of $15,565.16. (*Id.* at ¶15).

In total, Defendant failed to pay the amount of $32,805.90 in fringe benefit contributions to the Health Fund and the Pension Plan for the time period October 2010 through February 2011.

### B. Unpaid Contributions from March 2011 through February 2012

Beginning in March 2011, Defendant stopped submitting its required payroll forms to Plaintiff Health Fund from which Plaintiffs could determine the hours worked by Defendant and the amount of contributions Defendant owed to Plaintiff Health Fund. (Doc. 15, Ex. C at ¶ 10). Defendant also stopped submitting the required payroll forms to Plaintiff Pension Plan. (*Id.*, Ex. D at ¶ 16). Therefore, the Funds are unable to determine the amount of unpaid contributions due for the time period March 2011 to the present.

Pursuant to the Trust Agreements and Collection Policies, Defendant is required to submit to a payroll audit in order to permit the Funds to determine the amount of unpaid contributions for the time period March 2011 to the present. (Doc. 15, Ex. C at ¶ 11; Ex. D at ¶ 17). Plaintiffs have requested that Defendant comply with a payroll audit and are in the process of attempting to obtain Defendant's compliance with the audit request. Upon the completion of the audit, Plaintiffs will submit additional evidence to establish the amount of unpaid contributions owed for the time period.

### C. Unpaid Union Dues

Pursuant to Article IV, ¶4.12(k) of the Labor Agreement, Defendant was required upon request to deduct Union dues from the pay of bargaining unit employees and remit such dues to the Union. (Doc. 15, Ex. B at ¶13). During the time period October 2011 to the present, Defendant has failed to remit to the Union withheld Union dues for certain bargaining unit employees. (*Id.* at ¶15). Plaintiff Union is unable to determine the exact amount of Union dues owed due to Defendant's failure to submit all of its required payroll

forms. (*Id.* at ¶16). Upon the completion of the payroll audit, Plaintiff Union will submit additional evidence establishing the amount of unpaid Union dues.

**D.     Interest, Liquidated Damages, Attorneys' Fees and Costs**

In addition to the unpaid contributions and withheld Union dues identified above, pursuant to ERISA, the Labor Agreement and the Collection Policies, Defendant is also obligated to the Plaintiffs for interest, liquidated damages, attorneys' fees, and court costs. ERISA §502(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
>> (i) interest on the unpaid contributions**,** or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). The language of 29 U.S.C. §1132(g)(2) is mandatory. Once liability for delinquent contributions is determined, the court shall award the damages set

5

forth in this section. *Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 389 (6th Cir. 1991).

Plaintiffs' Collection Policies provide that in the event of delinquent contributions, Plaintiffs are entitled to interest on the unpaid contributions assessed at the rate of one percent per month calculated from the first day of the month following the month in which the contributions were due. (Doc. 15, Ex. C at ¶ 7; Ex. D at ¶ 8). Therefore, Defendant owes total interest in the amount $2,608.10, which includes $1,227.942 in interest on the unpaid Pension Plan contributions through August 22, 2011 and $1,380.16 in interest on the unpaid Health Fund contributions through August 22, 2011. (Doc. 15, Ex. E). Defendant owes additional interest of one percent per month after August 22, 2011. (Doc. 15, Ex. C at ¶ 7; Ex. D at ¶ 8).

Pursuant to the Collection Policies, Plaintiffs are also entitled to liquidated damages in the amount of ten percent of the total amount due for all contributions not paid by the last day of the month following the month in which the contributions were due. (Doc. 15, Ex. C at ¶ 7; Ex. D at ¶ 8).

Finally, pursuant to ERISA §502(g)(2)(D) and the Collection Policies, Plaintiffs are also entitled to recover attorneys' fees and costs. The Collection Policies provide that in the event legal action is necessary, Defendant will be solely responsible for costs and legal fees incurred by the Fund. (Doc. 15, Ex. C at ¶ 8; Ex. D at ¶ 9). Plaintiffs have incurred the amount of $3,420.503 in attorneys' fees in prosecuting this action from the inception of this case through the filing of this Renewed Motion for Judgment by Default. (Doc. 15, Ex. F at ¶ 2). Additionally, Plaintiffs have incurred the amount of $350.00 in costs. (*Id.*)

6

### E. Surety Bond Payment

Defendant previously obtained a surety bond in favor of the Union to secure payment by the Defendant of all fringe benefits owed to the Union. (Doc. 15, Ex. B at ¶ 17). In December 2011, the Union received payment of $10,000.00 as the proceeds from the liquidation of this bond. (*Id.*) This amount has been applied to reduce the amount owed by Defendant for unpaid contributions. (*Id.*)

### IV. CONCLUSION

Defendant owes Plaintiffs unpaid contributions, withheld Union dues, interest, costs, attorneys' fees, and liquidated damages in the amounts set forth herein.

As set forth herein and as evidenced in Plaintiffs' exhibits, the unpaid contributions owed by Defendant for the months October 2010 through February 2011, plus interest and liquidated damages on those unpaid contributions, plus attorneys' fees and costs is as follows:

> Principal: $22,805.90[2]
> Liquidated Damages: $2,280.59[3]
> Interest: $2,608.10[6]
> Costs: $350.00
> Attorney Fees: $3,420.50
> **TOTAL: $31,465.09**

Accordingly, Plaintiffs' motion for judgment by default (Doc. 15) is hereby

---

[2] The original unpaid contribution amount, as reflected on the payroll reports, is $32,805.90. This amount has been reduced by $10,000 to reflect the payment the Plaintiffs received from the liquidation of the surety bond.

[3] As a result of the reduction in the unpaid contribution amount due to the surety bond payment, the liquidated damages amount has also been reduced to an amount equal to ten percent of the unpaid contributions.

**GRANTED** against Defendant Union Lighting Protection in the total amount of $31,465.09, which represents the principal owed, liquidated damages to date, interest to date, costs and attorney's fees for the time period October 2010 through February 2011. Additionally, Plaintiffs are awarded ongoing interest in the amount of 1% per month on the unpaid contributions from August 23, 2011 until paid in full.

Plaintiffs shall submit a supplemental motion for damages owing from Defendant for March 2011 to the present, plus withheld union dues and additional liquidated damages and interest, within 90 days of the date of this Order.

**IT IS SO ORDERED**.

Date:   2/21/12                                        *s/ Timothy S. Black*
                                                        Timothy S. Black
                                                        United States District Judge